# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN COULON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-0590 |
| ) | Judge Trauger |
| CITY OF COOPERTOWN and ) | |
| DANNY CROSBY, individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This motion comes before the court on plaintiff's Motion to Amend Complaint (Docket Entry No. 7), to which defendants have responded in opposition (Docket Entry No. 11).

Jonathan Coulon was a police officer for the Town of Coopertown. Sometime, prior to July 10, 2006, an ouster proceeding was initiated in Coopertown to oust Mayor Danny Crosby and, at this ouster proceeding, Mr. Coulon testified against Mr. Crosby. As a result of the proceeding, on July 11, 2006, Chancellor McMillan of the Robertson County Chancery Court ordered that Mr. Crosby be temporarily removed from office. During Mr. Crosby's temporary absence from office, Vice-Mayor Jack Long Jr. served as acting Mayor. In his capacity as acting Mayor, Mr. Long ordered Chief of Police E.J. Bernard to terminate Mr. Coulon and, on July 20, 2006, Mr. Bernard informed Mr. Coulon of his termination.

Mr. Coulon filed suit in the Middle District of Tennessee on May 17, 2007, alleging that Mr. Crosby terminated Mr. Coulon's employment in retaliation for his unfavorable testimony against Mr. Crosby during the ouster proceeding. The defendants filed their answer on July 3, 2007 (Docket Entry No. 4). The plaintiff filed this Motion to add Mr. Long as a defendant to the

1

complaint on July 27, 2007 (Docket Entry No. 7).

Federal Rule of Civil Procedure 15(a) directs that "amendments should be freely given when justice so requires." However, leave to amend should be denied where the amendment would be futile. *Foman v. Davis*, 370 U.S. 178, 182 (1962). Such is the case at hand.

The plaintiff's claim against Mr. Long would, if brought in a new action, be barred by the statute of limitations. The statute of limitations for personal injury actions in the state of Tennessee—which provides the applicable statute of limitations in actions filed under 42 U.S.C. § 1983 in this state, *see Wilson v. Garcia*, 471 U.S. 261, 266 (1985)—requires that such actions be filed within one year. T.C.A. § 28-3-104(a). The statute begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The plaintiff knew of his injury when he was fired on July 20, 2006 and, accordingly, the statutory period terminated one year from that date, on July 20, 2007.

Rule 15(c) of the Federal Rules of Civil Procedure, however, allows time-barred claims to go forward if they "relate back" to the date of the plaintiff's original complaint. Because the plaintiff is only attempting to add a named party and is not adding any new claims, Rule 15(c)(3) is the applicable provision. Rule 15(c)(3) provides that an amendment "relates back" when:

> The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. PRO. 15(c)(3)

The plaintiff cannot satisfy Rule 15(c)(3)(B)'s requirement that he made a "mistake concerning the identity of the proper party." The Sixth Circuit has narrowly construed the mistake provision of Rule 15(c)(3)(B), limiting relation back to instances of mistake or misnomer in the name of the original defendant. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)."); *see also Soper v. Wal-Mart Stores*, 923 F. Supp. 1032, 1041 (M.D. Tenn. 1996) (holding that even though plaintiff informed the third-party defendant within the limitations period, "while the plaintiff can correct a misnomer, Rule 15(c) cannot be employed to add a new defendant").

In short, parties can invoke Rule 15(c)(3) to substitute parties, but not to add them. Because the plaintiff is seeking to add a party—and not seeking to dismiss any party simultaneously—he cannot be said to be moving for a substitution. *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) ("Rule 15(c) amendments "will not survive preclusive application of the statute of limitations unless the amendments are corrections of misnomers."); *Lee v. Toshiba Machine Co.*, 804 F. Supp. 1029, 1035 (E.D. Tenn. 1992) (When there is no misnomer, the plaintiff has the "responsibility to investigate and discover pertinent facts, and [plaintiff] was not entitled to any tolling of the limitation period while [plaintiff] was doing so.") (quoting *Gibson v. Lockwood Products Division of J.L. Underwood*, 724 S.W.2d 756 (Tenn. App. 1986), permission to appeal denied, *id*. (Tenn. 1987)).

In *Cox*, the plaintiff filed a Section 1983 lawsuit against "unknown police officers" of the City of Louisville and Kentucky State police departments within the statute of limitations period.

3

*Cox*, 75 F.3d at 239-40. However, plaintiff did not seek a Rule 15(c)(3) motion to amend his complaint naming specific police officers until after the statute of limitations period had lapsed. *Id.* at 240. The Sixth Circuit held this substitution did not satisfy Rule 15(c)(3)(B) because "substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Id.* The plaintiff in this case did not name any "John Doe" defendants in his original complaint. It stands to reason that if a plaintiff cannot convert "John Doe" defendants to named defendants via Rule 15(c)(3), Mr. Coulton most certainly cannot add a party without any semblance of a substitution.

The plaintiff has cited three district court cases in support of his motion. In one of those cases—*Smith v. TW Services, Inc.*, 142 F.R.D. 144 (M.D. Tenn. 1991)—the plaintiff was seeking to *replace* a defendant who had been improperly named.[1] The second of the plaintiff's three cases—*Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357—states that, "although Fed. R. Civ. P. 15(c) permits the changing of parties, it does not permit the addition of new parties," (citing *Cox*, 75 F.3d at 240; *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449-50 (6th Cir. 1991)), and analyzes a motion to amend under Rule 15(d). *Id.* at 361-62. Rule 15(d) deals with motions to amend that involve relevant facts or circumstances that occurred after the original complaint was filed. FED. R. CIV. PRO. 15(d). Obviously, neither *Smith* nor *Stewart*

---

[1] The plaintiff cites only the court's order in that case, which adopted the magistrate judge's report and recommendation in its entirety. The report and recommendation, *Smith v. TW Services, Inc.*, No. 3:90-0696, 1991 U.S. Dist. Lexis 20980 at *5, explains that, in a prior order, "the Court granted [the defendant's] motion to dismiss pursuant to Rule 12(b)(6), on the grounds that it was not the proper defendant. With that same order the Court also granted plaintiff's motion to amend her complaint to include TW as defendant." Accordingly, Smith involved the replacement of an incorrectly named defendant with the appropriate defendant, and not the addition of a new defendant without a corresponding dismissal.

4

provide any support for the plaintiff's current motion.

In *Richmond v. McElyea*, 130 F.R.D. 377 (E.D. Tenn. 1990), the Eastern District of Tennessee quoted the following language from a different district court case, *Northcutt v. Goble*, 1988 U.S. LEXIS 7736, at *6-7 (E.D. Ky. 1988)):

> In the past, the Sixth Circuit has strictly interpreted Rule 15(c) to allow for the correction of misnomers only, and did not allow relation back of an amended complaint where the parties were added or substituted after the limitations period had run. The *Berndt* decision has apparently overruled this previous Sixth Circuit authority *sub silentio*.

The *Richmond* court relied on this language to allow an amendment that substituted "John Doe" defendants for named defendants.[2] The language in *Northcutt*,[3] unfortunately, appears to have misinterpreted *Berndt*.[4]

*Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986), involved a *pro se* mental health patient's Section 1983 action against the State of Tennessee and Lakeshore Mental Health Institute ("LMHI"). *Id.* at 881. *Berndt* held that the only named defendants in that case—the State of Tennessee and LMHI—should be dismissed because "the Eleventh Amendment bars

---

[2] As noted above, in *Cox*, 75 F.3d at 239-40, the Sixth Circuit held that substituting a named defendant for a 'John Doe' defendant was an impermissible change in parties, not a mere substitution.

[3] *Northcutt*, like *Richmond*, addressed the question of whether "plaintiffs' amended complaint, which substitutes known defendants for previously listed unknown defendants may relate back to the date of filing" of the original complaint. No. 86-109, 1988 U.S. LEXIS 7736 at *1.

[4] Notably, just two years after its decision in *Richmond*, the Eastern District of Tennessee overruled its previous interpretation of *Berndt*. *See Lee v. Toshiba Machine Co.*, 804 F. Supp. 1029, 1034, n. 2 (E.D. Tenn. 1992) (noting *Richmond*'s interpretation of *Berndt* "appears to be refuted completely by *In re Kent Holland Die Casting & Plating*, decided after *Berndt* and *Northcutt*")

5

suit in federal court against a state unless the state expressly consents to suit." *Id*. However, because the *pro se* plaintiff's complaint included allegations against several LMHI staff members, who could be sued in their individual capacity, the Sixth Circuit remanded the case to allow a *substitution* under Rule 13(c) because "it would be a miscarriage of justice to preclude this *pro se* plaintiff from seeking redress for his alleged injuries on a procedural defect. . . ." *Id*. The Court explicitly limited the scope of its holding to cases involving *pro se* complainants and claims "of a serious nature." *Id*. at 883. Even more importantly, *Berndt* involved the potential substitution of new parties for old parties who had been properly dismissed. *Id*. Therefore, *Berndt* says nothing about the addition of parties without a corresponding dismissal and cannot be properly cited for the proposition that the Sixth Circuit had changed its rule regarding such, *sub silentio* or otherwise.

Instead, *Berndt* only offers guidance on Rule 15(c)(3)(B)'s second requirement that the newly named defendant "knew or should have known" that the action would have been brought against the newly named defendant but for plaintiff's mistake, holding that both actual and constructive notice are sufficient to provide the newly named defendant with the requisite amount of knowledge required by Rule 15(c)(3)(B). *Id*. at 884.

Finally, in the twenty years before and after *Berndt* was decided, the Sixth Circuit has consistently endorsed the general principle that Rule 15(c)(3)(B) expressly prohibits a party from adding new defendants after the statute of limitations has expired; rather, Rule 15(c)(3)(B) only allows a party to correct a misnomer by substituting an improper party with the proper party. *See*, *e.g.*, *Cox*, 75 F.3d at 240; *Collyer*, 98 F.3d at 220; *In re Kent Holland Die Casting & Plating*, 928 F.2d 1448, 1450 (6th Cir. 1991); *Ringrose*, 692 F.2d at 405; *Marlowe v. Fisher*

6

*Body*, 489 F.2d 1057, 1064 (6th Cir. 1973).

Because the plaintiff's amended complaint seeks to add Mr. Long as a new party, and does not correct a mistake or misnomer by replacing an incorrectly named party with the correct party, the plaintiff cannot satisfy Rule 15(c)(3)(B)'s mistaken identity requirement. Since the plaintiff has not satisfied Rule 15(c)(3)(B)'s mistaken identity requirement, this court need not determine whether Mr. Long knew or should have known that the action would have been brought against him under a theory of "imputed knowledge." Adding new parties is clearly prohibited by Rule 15(c)(3)(B). The plaintiff's Motion to Amend Complaint (Docket Entry No. 7) is **DENIED**.

It is so Ordered.

Enter this 9th day of October, 2007.

ALETA A. TRAUGER
United States District Judge